UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY ANDREW PITTS,

        Plaintiff,

        v.                           CAUSE NO. 3:22-CV-80-JD-MGG

WESTVILLE CORRECTIONAL
FACILITY, et al.,

        Defendants.

## OPINION AND ORDER

Randy Andrew Pitts, a prisoner without a lawyer, filed a complaint against nine

separate defendants regarding his mental health care while incarcerated at Westville

Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a

*pro se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the

court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.

Pitts alleges that, when he arrived at Westville Correctional Facility ("WCF"), he

was seeing a "Supernatural Energy 24/7 Nonstop," having thoughts of harming people,

and unable to tell what was real and fake. He sent a health care request form to M.

Wala, a psychologist at WCF. Wala responded by telling Pitts to express his concerns to

his assigned mental health professional at his out-of-cell sessions. But, after these out-of-cell sessions, Pitts' symptoms persisted. According to Pitts, Wala stated in medical records that the out-of-cell sessions were stabilizing or improving Pitts' symptoms, even though this was inaccurate.

Since Pitts could not obtain the help he felt he needed from Wala, he filed a grievance. The grievance was denied because he included multiple dates of incident on the same grievance. He felt helpless and continued submitting health care requests.

On July 14, 2021, Captain Lewis agreed to speak with Pitts about what he considered an urgent matter. Pitts told Lewis that he has encountered unidentified ariel phenomena or unidentified flying objects multiple times, and he believes that, due to those encounters, a supernatural energy or intelligent life form has attached itself to him. He indicated he had cooperated with mental health staff, but what they have to offer was not helping him. He asked Lewis to contact someone who could help him. Lewis made a mockery of Pitts' claims and refused to help. Pitts indicates that several other individuals were present when he talked with Lewis, including M. Boren.

Pitts claims this supernatural energy or life force is advancing on its own and his symptoms are worsening. He tried filing another grievance, but it was denied, noting that mental health sees Pitts regularly. Pitts claims the defendants disregarded his serious mental health needs knowing that the treatment he had been provided was not working. Pitts asserts that the creation of the Pentagon UFO Task force lends credence to his claims.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The court's previous screening order explained that, to establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil*, 16 F.3d 123 at 124; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or

medical malpractice do not constitute deliberate indifference). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are neither "entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Pitts has sued Psychologist M. Wala for her role in denying Pitts effective mental health treatment. Pitts alleges only that Wala told Pitts to express his concerns to his assigned mental health professional at his out-of-cell sessions and characterized his condition in mental health records as stabilizing or improving. It cannot be plausibly inferred from these allegations that Wala was deliberately indifferent to Pitts' medical needs.

Pitts mentions Mental Health Professional M. Boren only once in his complaint. Pitts states that she was present when he was talking with Captain Lewis on July 14, 2021. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Pitts does not indicate that M. Boren participated in the conversation between himself and Lewis, or that she said or did anything at all. Accordingly, he cannot proceed against her.

Psychiatrist B. Eichman is listed as a defendant, but he is not otherwise mentioned in the complaint. Because Pitts does not allege that Eichman was personally involved in the events that Pitts describes, Pitts cannot proceed against Eichman.

Pitts is suing Captain Lewis because he would not take action to find him skilled mental health care outside of the prison, even though Pitts said that he had cooperated with prison mental health staff and had not improved. Captain Lewis is not a mental health worker, and it cannot be plausibly inferred that he was deliberately indifferent to Pitts' serious medical needs where he knew his condition was being treated by the prison's mental health staff and he merely refused to take steps to help Pitts obtain care outside of what was offered by the medical staff at the prison.

Warden J. Galipeau was named as a defendant, but he was not otherwise mentioned in the complaint. While he is in charge of the prison, that does not make him liable for the bad acts of his subordinates. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018).

Pitts has sued each of the corporations that provided medical care to inmates while he was housed there: Corizon (incorrectly spelled Chorizon), Wexford, and Centurion. However, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Pitts' allegations are based only on the alleged poor decisions that medical staff made in connection with his care, he cannot proceed against Corizon, Wexford, or Centurion.

Finally, Pitts has sued Westville Correctional Facility. He cannot sue the Westville Correctional Facility because it is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

The amended complaint is short on facts, dates, and specifics about the medical treatment Pitts received. Based on what it does say, it is not plausible to infer that he is not receiving constitutionally adequate medical care. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim for which relief can be granted. If Pitts believes he can state a claim based on (and consistent with) the events described in this

complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form[1] which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Randy Andrew Pitts until **December 9, 2022**, to file an amended complaint; and

(2) CAUTIONS Randy Andrew Pitts that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 7, 2022

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Pursuant to N.D. Ind. L.R. 7-6, the court requires the use of the **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form.