UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY ANDREW PITTS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-80-JD-MGG |
| WESTVILLE CORRECTIONAL FACILITY, et al., | |
| Defendants. | |

OPINION AND ORDER

Randy Andrew Pitts, a prisoner without a lawyer, filed an amended complaint regarding his mental health care while he was incarcerated at Westville Correctional Facility. ECF 23. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pitts alleges in his amended complaint that, when he arrived at Westville Correctional Facility ("WCF"), he told the defendants that he had multiple encounters with unidentified aerial phenomena or unidentified flying objects, and that he now sees a supernatural intelligent life force or inexplicable phenomena 24 hours a day every

day. He claims each defendant has denied him medical evaluation and treatment, and that he suffered physical, mental, and emotional distress.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The court's previous screening order explained that, to establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does

2

negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *McNeil*, 16 F.3d 123 at 124; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference). Even incompetence does not state a claim for deliberate indifference. *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Furthermore, inmates are neither "entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

In screening Pitts' earlier complaint, the court made clear that merely listing someone as a defendant without explaining how they were involved in the alleged violation would not suffice. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Pitts makes no effort to resolve this shortcoming in his amended complaint. He has named M Walla, B. Eichman, M. Boren, Captain Lewis, and J. Galipeau as defendants without including any details whatsoever regarding how they were involved in denying him constitutionally adequate medical care.

Pitts has again sued each of the corporations that provided medical care to inmates while he was housed at Westville Correctional Facility: Corizon (incorrectly spelled Chorizon), Wexford, and Centurion. However, as noted in the court's earlier screening order, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). As noted previously, because Pitts' allegations are based only on the alleged

3

poor decisions that medical staff made in connection with his care, he cannot proceed against Corizon, Wexford, or Centurion.

Finally, Pitts has added all personnel within the IDOC and the courts who know about this complaint. He has not identified any specific individuals, by either name or description. However, even if he had, he could not proceed. Merely knowing about a complaint alleging that others violated Pitts' constitutional rights is insufficient to render a defendant liable.

Pitts has already been provided an opportunity to amend his complaint, and his amended complaint suffers from the same insufficiencies as his original complaint.

For these reasons, this case is dismissed under 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 3, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT